IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(GREENBELT)

Antoine Poteat
SCI-Mahanoy
301 Morea Road
Frackville, PA 17932
        Plaintiff

v.

Det. Lee Gibson
Charlottesvile Police Dept.
606 E. Market Street
Charlottesville, Va. 22902
        Defendant
_____/

**COMPLAINT**
**(42 USC 1983)**

**STATEMENT OF THE CASE**

This case Arose out of the issuance of a bench signed by defendant Gibson alleging that on June 18, 2013, almost six months before the issuance of the warrant, plaintiff was in possession of schedule I and II controlled substances. Defendant knew these allegations to be false. On June 18, 2013, Charlottesville police searched plaintiff's person, searched his home employed a drug sniffing dog to investigate the premises. The dog did not alert, the police found nothing and plaintiff was not arrested. At the time the warrant was issued, plaintiff and his family were residents of Maryland. About three months after the warrant was issued plaintiff was arrested in Maryland based on the bogus warrant, jailed there for thirteen before he was extradited to Virginia. He was jailed in Virginia without bond for   days until the charges against him were dismissed.

1

## JURISDICTION AND VENUE

Jurisdiction of this court is founded on 28 USC 1391, 42 USC 1983 and diversity of citizenship where the amount in controversy is greater than $75,000 28 USC 1332. Venue is proper in this court because because plaintiff was a resident of Maryland, was arrested in Marylsnd, and acted as tacit agents of the Charlottesville police, specifically defendant Gibson.

## PARTIES

1. Plaintiff, at the time of his arrest was a resident of Maryland, was arrested and jailed in Maryland and is presently incarcerated in Frackville, Pennsylvania.

2. Defendant Lee Gibson, at all times relevant to this Complaint, was a member of the Charlottesville, Virginia, Police Department.

1. **FACTS**

3. On or about June 18, 2013, plaintiff, who was then living in Charlottesville, was the victim of a burglary by masked intruders.

4. In the process of the burglary, plaintiff was shot in his leg and ankle. When the burglars left with money belonging to the plaintiff, he called 911.

5. When the police arrived they repeatedly ask who the burglars were and plaintiff told them he couldn't see their faces and didn't know who they were. The officers refused to let the EMT's into the home until he told them who the burglars were.

6   Plaintiff was bleeding profusely and needed medical attention.

7. Finally, plaintiff's friend, Jazlyn Daniels was able to open the door and let in the EMT's.

8. The officers ransacked the house, without a warrant, apparently looking for drugs and also had a K9 drug sniffing dog look for drugs in the home.

9. No drugs were found.

10. In November of 2013, plaintiff and his family moved to Maryland.

11. On February 25, 2014, unbeknownst to plaintiff, a bench warrant requested by defendant Gibson was issued.

12. The warrant stated that plaintiff was illegally in possession of a firearm on June 18,2013, and that plaintiff was in possession of controlled substances Schedules I and II.

13. Gibson knew this to be false. The gun was lawfully registered to plaintiff and no drugs were found on plaintiff's person or in his home despite an exhaustive search wich left his home in disarray.

14. On May 17, 2014, plaintiff was puled over in Maryland for a traffic stop.

15. Shortly thereafter, he was arrested and told there was a warrant out for his arrest.

16. Plaintiff was jailed for twelve days in Maryland and was then extradited to Virginia to face charges on the warrant.

17. Plaintiff was jailed in Virginia from May 29, 2014 until the charges against him were dismissed on July 10, 2014.

18. Based on information and belief, the charges against plaintiff were knowingly false, but were lodged to force plaintiff to give defendant and other officers information about the persons who robbed his home tough he had no information to give them.

### COUNT I
### (42 USC 1983)

19. The allegations contained in paragraphs 1 through 18 of the Complaint are re-alleged and incorporated by reference herein.

20.     The actions of defendant Gibson in knowingly requesting an arrest to be issued based on false allegations cause plaintiff to be arrested in Maryland, held in jail there and then jailed in Virginia until all charges against him were dismissed.

21.     As such, defendant's actions wrongfully deprived plaintiff of his liberty and violated his 4th Amendment right to be free of illegal seizure and was a violation of his due process rights under the 14th Amendment.

22.     The actions of defendant Gibson in having plaintiff arrested on charges he knew to be false were shocking to the conscience and a gross abuse of his authority as a police officer.

WEREFORE, defendant Gibson is liable to the plaintiff in the amount of $300,000 in compensatory damages and $300,000 in punitive damages.

Plaintiff demands jury trial on all issues raised in Complaint.

Respectfully submitted,
Alan J. Ackerman, Esq.
1513 King Street
Alexandria, Va. 22314
703-838-9000 (ph)
703-548-9756 (fax)
alanjackerman@msn.com