IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTOINE POTEAT                               *
                                             *
        Plaintiff,                           *
                                             *    Civil Action No.  8:17-cv-01903-TDC
v.                                           *
                                             *
DET. LEE GIBSON                              *
                                             *
        Defendant.                           *

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

COMES NOW Defendant Detective Lee Gibson, by counsel, and for his Memorandum of Points and Authorities in Support of his Motion to Dismiss, states as follows:

### I.    INTRODUCTION

Defendant Lee Gibson is a detective with the Charlottesville, Virginia Police Department. This action arises from an arrest on an allegedly invalid warrant after a search of Plaintiff's residence in Virginia. Plaintiff was arrested in Maryland and extradited to Virginia. The Plaintiff asserts claims under 42 U.S.C. § 1983 alleging violations of his Fourth and Fourteenth Amendment rights. Plaintiff seeks to hold Defendant liable for actions undertaken by him as a Detective. This cause of action should be dismissed because this Court has no general or specific jurisdiction over Detective Gibson.

If the Court finds that dismissal is not proper on jurisdictional grounds, this Court should dismiss this case on the basis of improper venue of the case. In the absence of

1

BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
9990 FAIRFAX BOULEVARD  •  SUITE 400  •  FAIRFAX, VIRGINIA 22030  •  (703) 385-1000  •  FAX (703) 385-1555

dismissal, Defendant seeks a ruling that the statute of limitations bars the Plaintiff's claims to the extent based on false arrest or imprisonment.

## II.    FACTS

The relevant factual allegations are that officers entered the Plaintiff's home in Charlottesville, Virginia on June 18, 2013 to respond to Plaintiff's 911 call. Compl. ¶ 3. After questioning the Plaintiff regarding his 911 call, the officers searched Plaintiff's house without a warrant. Compl. ¶ 5, 8. On February 25, 2014, Detective Gibson requested a bench warrant to be issued for the Plaintiff, Compl. ¶ 11, for possession of a firearm and controlled substances, Compl. ¶ 12, which Plaintiff alleges Defendant knew was untrue. Compl. ¶ 13. As a result of this bench warrant, Plaintiff was arrested in Maryland on May 17, 2014, and was transferred to Virginia. Compl. ¶ 14-15. Plaintiff has filed this Complaint under 42 U.S.C. § 1983 for violations of his 4th and 14th Amendment rights. Compl. ¶ 21.

## III.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires the Complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (hereafter, "Iqbal"); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (hereafter, "Twombly"). The U.S. Supreme Court held that although "Rule 8 does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

2

The Supreme Court articulated two key principles applicable to the evaluation of a complaint on a motion to dismiss. First, the district court need not accept as true allegations that are legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679 (citing Twombly, 550 U.S. at 556).

A. Personal Jurisdiction

"When a court's power to exercise personal jurisdiction over a nonresident defendant . . . is challenged by a motion under Fed.R.Civ.P. 12(b)(2), 'the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence.'" Jones v. Koons Auto., Inc., 752 F. Supp. 2d 670, 676 (D. Md. 2010) (citing Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003)). "Where . . . the court chooses to rule without conducting an evidentiary hearing, relying solely on the complaint, affidavits and discovery materials, 'the plaintiff bears the burden [of] making a prima facie showing of a sufficient jurisdictional basis to survive the challenge.'" Id. (citation omitted). In determining whether the plaintiff has proven a prima facie case of personal jurisdiction, the court 'must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.'" Id. (citation omitted).

B. Improper Venue

"[W]hen venue is challenged by a motion to dismiss, the plaintiff bears the

3

burden of establishing that venue is proper." <u>Styles v. Triple Crown Publ'ns, LLC</u>, 2013 U.S. Dist. LEXIS 106686, at \*7 (D. Md. July 30, 2013) (*citing* <u>Jones v. Koons Auto., Inc.</u>, 752 F. Supp. 2d 670, 679-80 (D. Md. 2010)).

## C. <u>Statute of Limitations</u>

A Motion to Dismiss based on an affirmative defense is permitted "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." <u>Brooks v. City of Winston-Salem</u>, 85 F.3d 178 (4th Cir. 1996).

## IV. **DISCUSSION OF THE LAW**

### A. <u>This Court Does Not Have Personal Jurisdiction Over Detective Gibson, a Non-Maryland Resident Sued in his Capacity as a Virginia Police Officer.</u>

This Court does not have general or specific personal jurisdiction over Detective Gibson. Generally, a personal jurisdiction analysis requires two steps: (1) whether Maryland's long-arm statute confers personal jurisdiction; and (2) whether the Due Process clause permits this Court to exercise personal jurisdiction over Detective Gibson. Maryland's long arm statute provides that a defendant can be subject to personal jurisdiction in Maryland if he "[c]auses tortious injury in the State or outside of the State by an act or omission outside of the State if he regularly . . . engages in any other persistent course of conduct in the State . . . ." Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(4).[1] However, because Maryland's "long arm statute represents an effort by

---

[1] The other provisions of Maryland's long arm statute cannot apply because Plaintiff has failed to allege any facts that Detective Gibson "[t]ransacts any business or performs any character of work or service in the State"; "[c]ontracts to supply goods, food, services, or manufactured products in the State"; "[c]auses tortious injury in the State by an act or omission in the State"; "[h]as an interest in, uses, or possesses real property in the State," or; "[c]ontracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing." Md. Code Ann., Cts. & Jud. Proc. § 6-103(b)(1)-(3), (5)-(6).

4

the Legislature to expand the boundaries of permissible in personam jurisdiction to the limits permitted by the Federal Constitution," Geelhoed v. Jensen, 277 Md. 220, 224 (1976) (discussing Md. Code Ann., Cts. & Jud. Proc. § 6-103(4)), this analysis will focus on the Constitutional analysis. See CIENA Corp. v. Jarrard, 203 F.3d 312, 317 (4th Cir. 2000); see also Geelhoed, 277 Md. at 226 ("We hold, therefore, that the "persistent course of conduct" referred to in subsection (b) (4) of § 6-103 need not be conduct of a commercial nature.").

The Fourth Circuit has set the standard for personal jurisdiction as follows:

The standard for determining the existence of personal jurisdiction over a nonresident defendant varies, depending on whether the defendant's contacts with the forum state also provide the basis for the suit. If those contacts form the basis for the suit, they may establish 'specific jurisdiction.' In determining whether specific jurisdiction exists, we consider (1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.' . . . If, however, the defendant's contacts with the state are not also the basis for the suit, then jurisdiction over the defendant must arise from the defendant's general, more persistent, but unrelated contacts with the state. To establish general jurisdiction, the defendant's activities in the state must have been 'continuous and systematic.'

Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 397 (4th Cir. 2003).

Because there is no allegation in the Complaint that Detective Gibson "engaged in continuous and systematic activities in Maryland," there is no basis for the Court to exercise general jurisdiction over Detective Gibson. Id. Accordingly, this analysis will

5

focus on specific jurisdiction.[2] In order for this Court to find specific jurisdiction over Detective Gibson, it must find, based on the allegations in the Complaint, that: (1) Detective Gibson purposefully availed himself of the privilege of conducting activities in Maryland; (2) Plaintiff's claims arise out of those contacts; and (3) this Court's finding of personal jurisdiction is constitutionally reasonable.

> **i.    Detective Gibson Did Not Purposefully Avail Himself of the Privilege of Conducting Activities in Maryland and Plaintiff's Claims Do Not Arise out of Any Alleged Contacts.**
>
> a.    Detective Gibson's Contacts

Detective Gibson did not intentionally direct any conduct towards Maryland. "The touchstone of the minimum contacts analysis remains that an out-of state [sic] person have engaged in some activity purposefully directed toward the forum state." Lesnick v. Hollingsworth & Vose Co., 35 F.3d 939, 945 (4th Cir. 1994).

Plaintiff has failed to allege that Detective Gibson has any contacts with Maryland. In his Complaint, Plaintiff describes Detective Gibson as "at all times relevant to this Complaint, . . . a member of the Charlottesville, Virginia, Police Department." Compl. ¶ 2. Further, all of Detective Gibson's allegedly tortious actions occurred in Virginia; to wit: the police officer's refusal to allow Plaintiff to seek medical attention, Compl. ¶ 5, the officer's illegally searching the Plaintiff's home, Compl. ¶ 8, and

---

[2] Briefly, this Court does not have general personal jurisdiction over Detective Gibson because he is not domiciled in Maryland, was not served with process in Maryland and does not conduct business in Maryland. See Md. Code Cts. and Jud. Proc. § 6-102. Further, Plaintiff has failed to allege that Detective Gibson has "continuous and systematic" contacts with Maryland. Helicopteros Nacionales De Colombia v. Hall, 466 U.S. 408, 415-416 (1984); see also Snyder v. Phelps, Civil Action No. RDB-06-1389, 2007 U.S. Dist. LEXIS 79653, at *18 (D. Md. June 4, 2007) (finding that because "there is not enough information in the pleadings to conclude that [the defendants] have maintained 'continuous and systematic' contact with Maryland, nor has the Plaintiff asserted that general jurisdiction exists[,] . . . [the] Court must focus on whether it has specific jurisdiction over Defendants.").

6

Detective Gibson requesting a bench warrant be issued for Plaintiff's arrest, Compl. ¶ 11. Thus, Plaintiff has completely failed to allege that Detective Gibson had <u>any</u> personal contacts with Maryland.

   b.   Plaintiff's Contacts

The effects of Detective Gibson's alleged actions in Maryland are not enough to create personal jurisdiction in Maryland. Usually, the Court is required to focus on the "relationship among the defendant, the forum, and the litigation." Calder v. Jones, 465 U.S. 783, 788 (1984) (quoting Shaffer v. Heitner, 433 U.S. 186, 204 (1977)). However, a Defendant's contacts "may be so manifold as to permit jurisdiction when it would not exist in their absence." Id. So, when a defendant engages in "intentional, and allegedly tortious, actions," and the "effects" of those actions *are targeted toward a specific state*, that state can assert jurisdiction over that defendant. Id. at 788-89 (finding a newspaper and its editors were subject to personal jurisdiction in California because the effects of an article were "expressly aimed at California."). The defendant must actually purposefully avail himself of a state's jurisdiction; a plaintiff's unilateral actions cannot create personal jurisdiction. See Hanson v. Denckla, 357 U.S. 235, 253 (1958).

In Calder v. Jones, despite the fact that the defendants lived in Florida and wrote the article mainly in Florida, the Supreme Court found that the defendants purposefully availed themselves of California's jurisdiction due to the fact the newspaper had its largest circulation in California and "they knew that the brunt of that injury [caused by the defamatory article] would be felt by respondent in the State in which she live[d] and work[ed] . . . ." Calder, 465 U.S. at 789-90. Here, Plaintiff has indicated he will argue

7

that Detective Gibson purposefully availed himself of Maryland's jurisdiction because he caused Plaintiff to be arrested in Maryland by issuing the warrant, creating an agency relationship with officers executing the warrant. See Compl. ¶ 20[3]; This argument is unfounded. The focus of the analysis is whether Detective Gibson's allegedly tortious actions were intentionally and purposefully directed at Maryland, not whether the warrant happened to be served there by others acting on the warrant.

After conducting a search of the Plaintiff's home in Virginia, Detective Gibson caused a bench warrant to be issued for Plaintiff's arrest. Compl. ¶¶ 8, 11. Before the warrant was issued, Plaintiff, of his own accord, moved to Maryland and so the warrant happened to take effect in Maryland. Compl. ¶¶ 10, 14-15. Detective Gibson cannot be found to have purposefully availed himself of Maryland's jurisdiction merely because the Plaintiff chose to move there before Detective Gibson requested a warrant issued for the Plaintiff's arrest. Plaintiff does not allege that Detective Gibson knew that Plaintiff had moved to Maryland, directed any activity toward Maryland specifically, reached out to Maryland officers, requested that they execute the warrant, or that he participated in the arrest[4]. The only allegation is that the warrant ended up being served in Maryland.

In a case similar to this one, but with substantially more contact with the forum state than here, a Court rejected a Plaintiff's contention that it had jurisdiction over the

---

[3] Representation of Plaintiff's counsel on Defendant's request to file Motion to Dismiss.

[4] Courts nationwide have "regularly rejected assertions of personal jurisdiction against out-of-state law enforcement officials who have merely issued warrants and lodged their warrants in nationwide databases." Doe v. Del. State Police, 939 F. Supp. 2d 313, 334-35 (S.D.N.Y. 2013) (citing numerous cases); see also Bush v. Adams, No. 07-4936, 2008 U.S. Dist. LEXIS 101649 (E.D. Pa. Nov. 3, 2008) (finding Pennsylvania court did not have jurisdiction over Virginian police officer who caused a warrant to be issued for the plaintiff when he knew the plaintiff lived in Pennsylvania); Tisdale v. Nadramia, No. 3:11-647-MBS, 2012 U.S. Dist. LEXIS 28909 (D.S.C. Mar. 5, 2012) (finding "due process prohibits the exercise of personal jurisdiction" where defendant's only contacts with South Carolina were incidental to executing the fugitive warrant and extraditing Plaintiff to Florida.").

**BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.**
9990 FAIRFAX BOULEVARD • SUITE 400 • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

officer obtaining the warrant. Bush v. Adams, No. 07-4936, 2008 U.S. Dist. LEXIS 101649 (E.D. Pa. Nov. 2, 2008). In Bush, two Virginia officers allegedly initiated criminal process in Virginia based on false information. The same officers "demanded" that Pennsylvania police arrest the Defendant. When the police declined to do so, the officers contacted the Pennsylvania District of Attorneys' Office, who advised the officers to domesticate their paperwork in Pennsylvania. Ultimately, the officers contacted the Federal Bureau of Investigation and the United States Marshall's Office seeking assistance with the arrest of the Defendant, who at that time was a Pennsylvania resident. Following arrest, the Plaintiff was detained in Pennsylvania for several weeks before being extradited to Virginia. Once in Virginia, the charges were dropped. As here, neither of the officers participated in the arrest or entered Pennsylvania during any of the events at issue.

Based upon those facts, the Court found that neither officer had sufficient contacts with the forum state for it to have general jurisdiction over them for the specific facts at issue. Further, the Court found that the Defendants had not purposely availed themselves of any privilege of conducting activities in the forum state to establish specific jurisdiction. The Court noted:

> Merely obtaining an arrest warrant for someone who is known to be in another state is not sufficient to subject the officer obtaining the warrant to personal jurisdiction in that state. Although it is foreseeable that the warrant will be executed in the suspect's state of residence, "foreseeability alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause." [citation omitted] The critical inquiry is whether the defendant's conduct and connection with the forum state are such that "he should reasonably anticipate being hailed into Court there".... A Virginia law enforcement officer could not reasonably anticipate that preparing an arrest warrant in Virginia on Virginia charges would subject him to jurisdiction in another state.

9

The Court concluded that even if the officers knew that the Plaintiff would be in a particular state when the arrest occurred, that was insufficient to show that they deliberately targeted or aimed the tortuous activity toward the state or that they knew the Plaintiff would suffer the brunt of his harm there. Based upon the totality of the circumstances, the Court concluded that there was no jurisdiction over the out of state officers.

Here, the only fact alleged regarding Maryland is that the arrest ultimately occurred there. Based upon this bare minimal allegation, this Court cannot exercise personal jurisdiction over Detective Gibson, and this Complaint must be dismissed.

### ii.    Fair Play and Substantial Justice

Even if this Court were to find that Detective Gibson purposefully availed himself of the laws of Maryland and his activities gave rise to this § 1983 action, asserting jurisdiction over Detective Gibson would be unreasonable. The Supreme Court has outlined several factors to consider when determining if exercising personal jurisdiction would be reasonable: (1) burden on Detective Gibson; (2) the interests of Maryland; (3) "the plaintiff's interest in obtaining relief"; (4) "the interstate judicial system's interest in obtaining the most efficient resolution of controversies;" and (5) "the shared interest of the several States in furthering fundamental substantive social policies." See Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 113 (1987) (citations omitted).

In applying these factors, the burden on Detective Gibson far outweighs the interests of the Plaintiff and the forum state. Detective Gibson lives and works in Virginia. All of the actions that give rise to this Complaint, outside of the Plaintiff's arrest,

10

took place in Virginia. Thus, a significant majority of any witnesses or evidence necessary for Detective Gibson to defend his case will be located in Virginia.

Additionally, Maryland has no perceived interest in this matter because neither the Plaintiff nor Detective Gibson is a resident of Maryland. See Compl. Caption. Further, all of Detective Gibson's allegedly tortious acts occurred in Virginia[5]; Plaintiff merely asserts he suffered harm in Maryland, because that is where he later moved. Allowing Detective Gibson to be subject to the personal jurisdiction of Maryland would offend the notions of justice and fair play.

The Court  has no basis to exercise personal jurisdiction over Detective Gibson, and this matter should be dismissed without further consideration.

B. This Court is an Improper Venue.

If this Court concludes dismissal is not proper on jurisdictional grounds, this district is not the appropriate venue for this action and the case should be dismissed on that basis. 28 U.S.C. § 1391(b) sets forth two tests to determine venue:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . .

---

[5] If this action were to continue in this Court, Detective Gibson would argue that Virginia law applies to this matter. Maryland state law "adheres to the *lex loci delicti* rule in analyzing choice of law problems with respect to causes of action sounding in torts." Philip Morris, Inc. v. Angeletti, 358 Md. 689, 744 (2000). "As a general rule, the place of the tort is considered to be the place of injury. . . .  The place of injury is also referred to as the place where the last act required to complete the tort occurred. Id. at 746. Plaintiff's Complaint essentially asserts two torts: malicious prosecution and false arrest or imprisonment. While false arrest accrues at the time of detention, Brooks v. City of Winston-Salem, 85 F.3d 178, 181-82 (4th Cir. 1996), as argued below in Section IV(C), that claim is barred by the statute of limitations. Thus, Virginia law would apply to the remaining claim of malicious prosecution because that cause of action only accrues until a favorable termination is obtained, id. at 183, which occurred in Virginia, Compl. ¶¶ 16-17.

11

"For all venue purposes . . . a natural person . . . shall be deemed to reside in the judicial district in which that person is domiciled." 28 U.S.C.S. § 1391(c).

Under § 1391, venue can be appropriate in more than one judicial district. Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004). In determining whether a venue is appropriate, the Court should look to "the entire sequence of events underlying the claim," not just on those matters that "directly led to the filing of the action." Id. (citation omitted). If venue cannot be satisfied by the two tests above, "an action may otherwise be brought . . . [in] any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3)

Maryland is not the proper venue because the only defendant, Detective Gibson, does not reside in Maryland and, as argued throughout this Motion, the majority of the events giving rise to Plaintiff's Complaint occurred in Virginia. In looking to the "entire sequence of events" complained of in the Complaint, only one allegation occurred in Maryland: Plaintiff's arrest and a brief detention before being extradited to Virginia. Compl. ¶¶ 14-16. All of the events before and after the arrest occurred in Virginia. Compl. ¶¶ 3-13, 16-18. Thus, in order for venue to be proper in Maryland, this Court must find that Plaintiff's arrest is a "substantial part of the events or omissions giving rise to" Plaintiff's claims.

In Tisdale v. Nadramia, No. 3:11-647-MBS, 2012 U.S. Dist. LEXIS 28909 (D.S.C. Mar. 5, 2012), a plaintiff filed a claim in South Carolina against a Floridian police officer for securing "an illegal fugitive warrant" in Florida which was later executed in South Carolina. Id. at *3. The plaintiff was then incarcerated in York County for fourteen days,

12

after which time he was extradited to Florida . . . ." Id. The Court upheld a Magistrate judge's recommendation that venue was "proper in Florida rather than South Carolina," because even though "[p]laintiff may have suffered consequences in South Carolina," "[t]he investigation was conducted in Florida and the warrant was issued in Florida, and "[t]he alleged wrongdoing by the [d]efendants took place in Florida." Id. at *2, 10-11.

Similarly, this Court should find that venue is improper in Maryland merely because Plaintiff was ultimately arrested there. Thus, this Court must dismiss Plaintiff's Complaint for lack of appropriate venue.

C. The Statute of Limitations Has Expired.

If the Court does not dismiss the case, the Defendant asserts this Complaint violates the statute of limitations for § 1983 actions to the extent that it purports to attempt to set forth a claim based on false arrest or imprisonment. 42 U.S.C. § 1983 does not have its own statute of limitations. Walker v. Barrett, 650 F.3d 1198, 1205 (8th Cir. 2011). Instead courts adopt the state statute of limitation most analogous to the claims. Id. (citing Wilson v. Garcia, 471 U.S. 261, 279-80 (1985)). The Supreme Court has found in regards to § 1983 actions, that when there is confusion as to which personal injury statute of limitations applies, that courts should apply the state's general or residual provision. Owens v. Okure, 488 U.S. 235, 249 (1989) ("We accordingly hold that where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions."). Maryland's residual provision provides for a time of three years. Md. Code Cts. & Jud. Proc. § 5-101.

13

A cause of action accrues when the "plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." See Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996). See also Barnhill v. Strong, No. JFM07-1678, 2008 U.S. Dist. LEXIS 14463 (D. Md. 2008)(false arrest and imprisonment claims accrue at the time of arrest or imprisonment). To determine when the plaintiff would have sufficient facts, federal courts look to analogous common-law causes of action. Id. "At common law, allegations that . . . imprisonment was not supported by probable cause advanced a claim of false arrest or imprisonment." Id. This cause of action accrues at the time of detention. Id. at 181-82. The Complaint alleges that Plaintiff was arrested in Maryland on May 17, 2014, Compl. ¶ 14, however, this Complaint was not filed until July 10, 2017. Thus, to the extent that the complaint may be read to assert a claim for false arrest or false imprisonment, his claim is time barred under Maryland law.[6]

## V.    CONCLUSION

WHEREFORE, the foregoing considered, defendant Detective Lee Gibson, by counsel, moves this Court to dismiss this cause of action and award it costs expended.

> Respectfully submitted,
> Lee Gibson,
> By Counsel

---

[6] Further, because the Maryland Court of Appeals has held that "the tort of false imprisonment does not lie against an individual who wrongfully procures the plaintiff's arrest, where there was no detention prior to the issuance of an arrest warrant, and where the arrest is made by a police officer executing a facially valid arrest warrant," Montgomery Ward v. Wilson, 339 Md. 701, 726-27 (1995), this claim must also fail for failure to state a claim under Rule 12(b)(6).

14

BANCROFT, McGAVIN,
 HORVATH, & JUDKINS, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia  22030
Telephone: (703) 385-1000
Facsimile:  (703) 385-1555


_____/s/_____

Dawn E. Boyce, Esquire
Maryland Bar No. 19833
dboyce@bmhjlaw.com
Counsel for Defendant,
Lee Gibson

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Memorandum was served

electronically on the 30th day of April, 2018, to:

Alan Jay Akerman
Law Offices of Alan J. Akerman
1513 King Street
Alexandria, VA 22314
Email: alanjakerman@msn.com

Donald F. Rosendorf
Law Office of Donald Frank Rosendorf
1513 King Street
Alexandria, VA 22314
Email: drosendor@aol.com

_____/s/_____
Dawn E. Boyce

15